IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND SIDA, individually and on behalf of all persons similarly situated, | CIVIL ACTION |
| | Case No. |
| Plaintiffs, | |
| v. | |
| PINTURA CONSTRUCTION LLC, CHURCHILL COMMUNITY DEVELOPMENT LP, SJ GROUP LLC, AMERIHOST SERVICES LLC, MOTEL 6 BANKSVILLE ROAD, PITTSBURGH STUDIOS LP, PARADIGM CONSULTANTS LLC, GLOBAL HOST INC., WINDOWS R US LLC, SJ GROUP HOLDING LLC, RAMESH JAIN and VIKAS JAIN, | **COMPLAINT–CLASS AND COLLECTIVE ACTION** |
| | ELECTRONICALLY FILED |
| Defendants. | Filed on Behalf of: |
| | Plaintiff |
| | Counsel of Record for this Party: |
| | **HARDIN THOMPSON, P.C.** |
| | Kenneth J. Hardin II, Esquire<br>PA ID 58303 |
| | The Frick Building<br>437 Grant Street, Suite 620<br>Pittsburgh, PA 15219<br>Tel: (412) 315-7195<br>Fax: (412) 315-7386<br>kenhardin@hardinlawpc.net |
| | **JURY TRIAL DEMANDED** |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND SIDA, individually and on behalf of all persons similarly situated, | CIVIL ACTION. |
| Plaintiffs, | Case No. |
| v. | |
| PINTURA CONSTRUCTION LLC, CHURCHILL COMMUNITY DEVELOPMENT LP, SJ GROUP LLC, AMERIHOST SERVICES LLC, MOTEL 6 BANKSVILLE ROAD, PITTSBURGH STUDIOS LP, PARADIGM CONSULTANTS LLC, GLOBAL HOST INC., WINDOWS R US LLC, SJ GROUP HOLDING LLC, RAMESH JAIN and VIKAS JAIN, | |
| Defendants, | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Raymond Sida ("Plaintiff" or "Sida"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Complaint against Defendants Pintura Construction LLC ("Pintura"), Churchill Community Development LP ("Churchill"), SJ Group LLC ("SJ"), Amerihost Services LLC ("Amerihost"), Motel 6 Banksville Road ("Motel 6"), Pittsburgh Studios LP ("Studios"), Paradigm Consultants LLC ("Paradigm"), Global Host Inc. ("Global"), Windows R Us LLC ("Windows"), SJ Group Holding LLC ("SJ Holding"), Ramesh Jain ("Ramesh"), and Vikas Jain ("VJ") (collectively "Defendants") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201, *et seq.* and Pennsylvania law. The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3. Venue in this Court is proper pursuant to 28 U.S.C. §1391. Plaintiff resides in this jurisdictional district, the events giving rise to Plaintiff's claims occurred within this district, and Defendants do business in this district.

## PARTIES

4. Plaintiff is an individual currently residing in Pittsburgh, Pennsylvania. He worked for Defendants in Pittsburgh, Pennsylvania, among other locations, between approximately June 2012 and June 2017, and pursuant to 29 U.S.C. 216(b), has consented in writing to being a Plaintiff in this action. Exhibit A

5. Defendant **Pintura Construction LLC** ("Pintura") is a Pennsylvania Limited Liability Company that operates throughout the United States, including this judicial district.

6. Pintura is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

7. Pintura employed Plaintiff and similarly situated employees.

8. Pintura employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have

been moved in or produced in commerce by any person, as required by 29 U.S.C. §§206-207.

9. Pintura's annual gross volume of business exceeds $500,000.00.

10. Pintura is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. 207(b)(3).

11. Defendant **Churchill Community Development LP** ("Churchill") is a Pennsylvania Limited Company that operates throughout the United States, including this judicial district.

12. Churchill is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

13. Churchill employed Plaintiff and similarly situated employees.

14. Churchill employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§206-207.

15. Churchill's annual gross volume of business exceeds $500,000.00.

16. Churchill is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. 207(b)(3).

17. Defendant **SJ Group LLC** ("SJ") is a Pennsylvania Limited Liability Company that operates throughout the United States, including this judicial district.

18. SJ is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

19. SJ employed Plaintiff and similarly situated employees.

20. SJ employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§206-207.

21. SJ's annual gross volume of business exceeds $500,000.00.

22. SJ is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. 207(b)(3).

23. Defendant **Amerihost Construction LLC** ("Amerihost") is a Pennsylvania Limited Liability Company that operates throughout the United States, including this judicial district.

24. Amerihost is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

25. Amerihost employed Plaintiff and similarly situated employees.

26. Amerihost employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§206-207.

27. Amerihost's annual gross volume of business exceeds $500,000.00.

28. Amerihost is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. 207(b)(3).

29. Defendant **Motel 6 Banksville Road** ("Motel 6") is a Pennsylvania Corporation that operates throughout the United States, including this judicial district.

30. Motel 6 is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

31. Motel 6 employed Plaintiff and similarly situated employees.

32. Motel 6 employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§206-207.

33. Motel 6's annual gross volume of business exceeds $500,000.00.

34. Motel 6 is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. 207(b)(3).

35. Defendant **Pittsburgh Studios LP** ("Studios") is a Pennsylvania Limited Partnership that operates throughout the United States, including this judicial district.

36. Studios is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

37. Studios employed Plaintiff and similarly situated employees.

38. Studios employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§206-207.

39. Studios' annual gross volume of business exceeds $500,000.00.

40. Studios is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. 207(b)(3).

41. Defendant **Paradigm Consultants LLC** ("Paradigm") is a Pennsylvania Limited Liability Company that operates throughout the United States, including this judicial district.

42. Paradigm is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

43. Paradigm employed Plaintiff and similarly situated employees.

44. Paradigm employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§206-207.

45. Paradigm's annual gross volume of business exceeds $500,000.00.

46. Paradigm is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. 207(b)(3).

47. Defendant **Global Host Inc.** ("Global") is a Pennsylvania Corporation that operates throughout the United States, including this judicial district.

48. Global is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

49. Global employed Plaintiff and similarly situated employees.

50. Global employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§206-207.

51. Global's annual gross volume of business exceeds $500,000.00.

52. Global is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. 207(b)(3).

53. Defendant **Windows R Us LLC** ("Windows") is a Pennsylvania Limited Liability Company that operates throughout the United States, including this judicial district.

54. Windows is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

55. Windows employed Plaintiff and similarly situated employees.

56. Windows employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have

been moved in or produced in commerce by any person, as required by 29 U.S.C. §§206-207.

57. Windows' annual gross volume of business exceeds $500,000.00.

58. Windows is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. 207(b)(3).

59. Defendant **SJ Group Holding LLC** ("SJ Holding") is a Mississippi Limited Liability Company that operates throughout the United States, including this judicial district.

60. SJ Holding is a full service construction company that employs laborers throughout Pennsylvania and Mississippi, and maintains its principal operations office in Jackson, Mississippi.

61. SJ Holding employed Plaintiff and similarly situated employees.

62. SJ Holding employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§206-207.

63. SJ Holding's annual gross volume of business exceeds $500,000.00.

64. SJ Holding is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. 207(b)(3).

65. **Ramesh Jain** ("Ramesh") is an individual who is the owner of one or more of the above companies and was acting as the employer of Plaintiff and similarly situated employees.

66. **Vikas Jain** ("VJ") is an individual who is the owner of one or more of the above companies and was acting as the employer of Plaintiff and similarly situated employees.

67. Defendants Pintura, Churchill, SJ, Amerihost, Motel 6, Studios, Paradigm, Global, Windows, SJ Holding, Ramesh, and VJ are joint employers.

68. The activities of Defendants Pintura, Churchill, SJ, Amerihost, Motel 6, Studios, Paradigm, Global, Windows, SJ Holding, Ramesh, and VJ were and are related and performed through unified operation or common control for a common business purposes, and have, since at least June 2012, constituted an enterprise within the meaning of section 3(r) of the Act.

## CLASS DEFINITIONS

69. Plaintiff brings this lawsuit pursuant to 29 U.S.C. §216(b) as a collective action on behalf of the following class of potential opt-in litigants:

    All individuals who are current or former employees of Defendants who performed work for Defendants in the United States at any time between June 2012 and the present, and who were denied overtime, including but not limited to laborers and those in similarly titled positions (the "FLSA Class").

70. Plaintiff also brings this lawsuit for Counts Two through Four as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following class:

    All individuals who are current or former employees of Defendants who performed work for Defendants in the United States at any time between June 2012 and the present, and who were denied overtime, including but not limited to laborers and those in similarly titled positions (the "Pennsylvania Class").

71. The FLSA Class and the Pennsylvania Class are together referred to as the "Classes."

72. Plaintiff reserves the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

73. Defendants employ members of the Classes throughout the state of Pennsylvania.

74. From June 2012 through June 2017, Plaintiff was employed as a non-exempt laborer with Defendants, performing various manual labor duties for various properties owned by Defendants.

75. Plaintiff performed various manual labor duties, including painting, plaster work, sheet rock repair, roofing, plumbing, and carpentry. Plaintiff observed other members of the Classes performing the same or substantially similar job duties.

76. Defendants have a policy or practice of failing to compensate Plaintiff and the Classes for all overtime hours worked.

77. Defendants paid Plaintiff and the classes pursuant to its hourly rate compensation system that did not take into account the hours worked in a workweek or overtime hours.

78. Defendants did not pay Plaintiff or the Classes a salary in addition to their hourly rate compensation.

79. Defendants do not maintain accurate records of the hours that Plaintiff and the Classes worked each workday and the total hours worked each workweek as required by the FLSA. *See* 29 C.F.R. §516.2(a)(7).

80. Plaintiff routinely worked six or seven days per week and more than ten (10) hours per day. Plaintiff observed that the members of the Classes routinely worked similar schedules, which is common in the industry.

81. Defendants did not pay Plaintiff and the Classes any compensation for hours worked over forty (40) per workweek.

82. Defendants have acted willfully and with reckless disregard of clearly applicable FLSA and state law provisions by failing to compensate Plaintiff and the Classes for hours worked in excess of forty (40) during the workweek.

## COLLECTIVE ACTION ALLEGATIONS

83. Plaintiff brings this lawsuit pursuant to 29 U.S.C. §216(b) as a collective action on behalf of the FLSA Class as defined above.

84. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. §216(b).

85. Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. §216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common business practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

86. Specifically, Defendants paid Plaintiff and the FLSA Class an hourly rate and failed to pay overtime as required by law.

87. The similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' records and the records of any payroll companies that Defendants utilize. Defendants employ many hourly employees throughout Pennsylvania. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorney's fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

88. Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Pennsylvania Class, as defined above.

89. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the Pennsylvania Class.

90. Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

91. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendants have violated and continues to violate Pennsylvania law through its policy or practice of not paying its employees overtime compensation.

92. Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways: 1) Plaintiff is a member of the Pennsylvania Class; 2) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; 3) Plaintiff's claims are based on the same legal standard and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances, 4) there are no conflicts between the interests of Plaintiff and the Pennsylvania Class members; and 5) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Pennsylvania Class members.

93. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

94. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior

alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants.

95. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

96. Without a class action, Defendants will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## VIOLATION OF THE FLSA

97. All previous paragraphs are incorporated as though fully set forth herein.

98. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. §207(a)(1).

99. The FLSA provides that, if an employee is paid an hourly rate, for overtime hours of work the employee must be paid, in addition to the straight time hourly earnings, a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in a week. *See* 29 C.F.R. §778.110.

100. Defendants' compensation scheme applicable to Plaintiff and the FLSA Class failed to comply with either 29 U.S.C. §207(a)(1) or 29 C.F.R. §778.110.

101. Defendants knowingly failed to compensate Plaintiff and the FLSA Class at a rate of one and one-half times their regularly hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. §207(a)(1).

102. During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the above-described FLSA protections.

103. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

104. All previous paragraphs are incorporated as though fully set forth herein.

105. The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 43 P.S. §333.104(c) and 34 Pa. Code §231.41.

106. Defendants' compensation scheme applicable to Plaintiff and the Pennsylvania Class failed to comply with either 43 P.S. §333.104(c) and 34 Pa. Code §231.41.

107. Defendants knowingly failed to compensate Plaintiff and the Pennsylvania Class at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week in violation of 43 P.S. §333.104(c) and 34 Pa. Code §231.41.

108.    During all relevant times, Plaintiff and Pennsylvania Class were covered employees entitled to the above-described PMWA protections.

109.    In violating the PMWA, Defendants acted willfully and with reckless disregard or clearly applicable PMWA provisions.

## COUNT III
## VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

110.    All previous paragraphs are incorporated as though fully set forth herein.

111.    The Pennsylvania Wage Payment and Collection Law ("WPCL") provides that an employer is obligated to pay all wages due to its employees. *See* 43 P.S. §260.3.

112.    Defendants have intentionally failed to pay the wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the Pennsylvania Class in violation of Pennsylvania Code, 43 P.S. §260.3.

113.    Defendants are not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff and the Pennsylvania Class' wages that concern this lawsuit.

114.    Defendants do not have written authorization from any Plaintiff or Pennsylvania Class Member to withhold, divert, or deduct any portion of his or her wages that concern this lawsuit.

115.    Pursuant to 43 P.S. §§260.9 and 260.10, employers, such as Defendants, who intentionally fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were intentionally not paid,

liquidated damages, court costs and attorney's fees incurred in recovering the unpaid wages.

116. Defendants are in violation of Pennsylvania law by failing to pay Plaintiff and the Pennsylvania Class for all compensable time and by failing to pay Plaintiff and the Pennsylvania Class for work time, including overtime, at the established rate.

## COUNT IV
## UNJUST ENRICHMENT

117. All previous paragraphs are incorporated as though fully set forth herein.

118. Defendants have received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

119. At all relevant times hereto, Defendants devised and implemented a plan to increase their earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without paying overtime compensation for all hours worked.

120. Contrary to all good faith and fair dealing, Defendants induced Plaintiff and the Pennsylvania Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

121. By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without paying overtime compensation as required by law, Defendants enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff

and the Pennsylvania Class. Defendants retained and continue to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

122. Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief on behalf of himself and all other similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

B. Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all potential FLSA Class members;

C. An order permitting this litigation to proceed as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Pennsylvania Class;

D. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

    Respectfully submitted,

    **HARDIN THOMPSON, P.C.**

    */s/ Kenneth J. Hardin II*
    Kenneth J. Hardin II, Esq.
    PA ID No. 58303
    The Frick Building
    437 Grant Street, Suite 620
    Pittsburgh, PA 15219
    (412) 315-7195
    (412) 315-7386 (fax)
    kenhardin@hardinlawpc.net
    *Attorney for Plaintiff and the proposed Classes*

Dated: June 19, 2018