# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND SIDA, individually and on behalf of all persons similarly situated, ) ) ) | |
| Plaintiffs, ) | 2:18-cv-00806 |
| ) v. ) ) | |
| PINTURA CONSTRUCTION LLC, ET AL. ) ) | |
| Defendants. ) | |

## OPINION

**Mark R. Hornak, United States District Judge**

Raymond Sida ("Plaintiff") is the named plaintiff representative of a putative class bringing suit against a litany of businesses and individuals ("Defendants"). Plaintiff alleges that he performed various forms of manual labor as an employee of the Defendants and is entitled to unpaid overtime pay. (Compl. at ¶¶ 74–78, ECF No. 1). Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa.C.S. §§ 333.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa.C.S. §§ 260.1 *et seq.* Plaintiff also alleges a claim of unjust enrichment under Pennsylvania common law. The Defendants timely filed a Motion to Dismiss all claims asserted against them. (ECF No. 15). The matter has been fully briefed, (ECF Nos. 16, 35, 38), and is ripe for disposition. For the following reasons, the Motion to Dismiss is GRANTED and all Counts in the Complaint (ECF No. 1) will be dismissed without prejudice, with the exception of those claims that are plainly and facially time-barred, which will be dismissed with prejudice. Plaintiff will be granted leave to amend the Complaint.

-1-

## I. Legal Standard

A pleading for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, the Court conducts a two-part analysis and first separates the factual and legal elements of a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The Court "may disregard any legal conclusions," *id.*, and then must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). However, the Court need not accept as true any unsupported conclusions, unsupported inferences, nor "threadbare recitals of elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's factual allegations must "raise a right to relief above the speculative level" and state a "plausible claim for relief" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The plausibility standard is not akin to a "probability requirement," but it asks for more than the sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## II. Analysis

### a. FLSA and PMWA Claims (Counts I and II)

The Court will analyze Plaintiff's FLSA and PMWA claims together because the statutes parallel each other "in requiring employers to compensate employees for overtime hours worked, and [have] an identical standard of liability." *Rummel v. Highmark, Inc.*, 2013 WL 6055082, at *3 (W.D. Pa. Nov. 15, 2013) (quoting *Alers v. City of Phila.*, 919 F. Supp. 2d 528, 557–60 (E.D. Pa. 2013)). Both the FLSA and PMWA prohibit "employers" from employing "employees" for

more than forty hours per week unless the employee is paid an overtime wage for hours worked in excess of forty. 29 U.S.C. § 207(a)(1); 43 Pa. C.S.A. § 333.104(c).

The "first inquiry in most FLSA cases is whether the plaintiff has alleged an actionable employer-employee relationship." *Thompson v. Real Estate Mortgage Network*, 748 F.3d 142, 148 (3d Cir. 2014). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Thus, the employer-employee relationship is defined expansively under the FLSA and "cover[s] some parties who might not qualify as such under a strict application of traditional agency law principles." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992). The Complaint alleges that all Defendants are "joint employers." (Compl. ¶ 67). "A single individual may stand in the relation of an employee to two or more employers at the same time under the [FLSA]." 29 C.F.R. § 791.2(a).

Defendants assert that Plaintiff has failed to satisfy the *Twombly/Iqbal* pleading standard in this regard because Plaintiff has failed to plead sufficient facts to plausibly establish that any of the Defendants was the Plaintiff's "employer" for FLSA and PMWA purposes. (Br. in Supp. at 3). Defendants claim that Plaintiff must plead sufficient facts to satisfy the "*Enterprise*" factors for determining whether an entity is an employer. *See In re Enterprise Rent-A-Car Wage & Hour Employment Prac. Litig.*, 683 F.3d 462 (3d Cir. 2012). These factors are whether the alleged employer has "(1) authority to hire and fire employees; (2) authority to promulgate work rules and assignments, and set conditions of employment, including compensations, benefits, and hours; (3) day-to-day supervision, including employee discipline; and (4) control of employee records, including payroll, insurance, taxes, and the like." *Id.* at 469–70.

Defendants slightly misstate the rule in *Enterprise* insofar as a plaintiff, in establishing a joint employment relationship, is not required to plead facts that would satisfy each of the factors. The Third Circuit stressed that these factors are not "exhaustive" and "cannot be 'blindly applied' as the sole considerations necessary to determine joint employment." *Id.*; *see also Lepkowski v. Telatron Marketing Grp., Inc.*, 766 F. Supp. 2d 572, 578 (W.D. Pa. 2011) ("It is the totality of the circumstances, rather than any particular factor, that governs the determination of whether joint employment exists.") (internal quotations and alterations omitted). Determining whether an alleged employer is an employer for FMLA purposes is "based on a consideration of the total employment situation and the economic realities of the work relationship." *Enterprise*, 683 F.3d at 469 (internal quotations omitted). District courts "must consider all the relevant evidence, including evidence that does not fall neatly within one of the above factors." *Id.*

But, even though the *Enterpise* test is less formalistic than what Defendants propose, Plaintiff has plead nothing aside from bare assertions that would support finding that any of the named Defendants jointly employed Plaintiff or members of the supposed class. For each business named as a Defendant, Plaintiff states that that entity "employed Plaintiff and similarly situated employees." (Compl. ¶¶ 7, 13, 19, 25, 31, 37, 43, 49, 55, 61). Plaintiff also fails to plead with the requisite level of particularity and detail to show that the two individuals named as Defendants are "employers" at all. Plaintiff only alleges that each of the two individuals is "an individual who is the owner of one or more of the above companies and was acting as the employer of Plaintiff and similarly situated employees." (Compl. ¶¶ 65–66). Even if such statements are sufficient to suggest "ownership and broad control" of one or more of the companies (they are not, as they are merely general and conclusory assertions), "common

-4-

ownership or membership in a common enterprise is insufficient to yield liability under the FLSA." *Acosta v. Gaudin*, No. 17-366, 2017 WL 4685548, at *5 (W.D. Pa. Oct. 18, 2017).

One of this Court's decisions from last year, *Gaudin*, is instructive to illustrate why these pleadings are insufficient. 2017 WL 4685548 at *4–5. There, the Court dismissed the complaint against Robert Gaudin, CEO of Holland Acquisitions, in part because "the Complaint as [] pled embodies a pleading filled with conclusory allegations and not the requisite "showing" of a plausible claim for relief." *Id.* at *4 (citing *Fowler*, 578 F.3d at 210). The pleadings in that case actually went further than the allegations in this Complaint insofar as they at least recited the relevant *Enterprise* factors to seek to establish a joint employment relationship, though they did so in a bare and conclusory fashion without adequate factual support. *Gaudin*, 2017 WL 4685548 at *5.

Here, it is even more plain that the claims are insufficiently pled so as to plausibly suggest that a joint employment relationship existed between the Plaintiff and Defendants. There are no facts plead that show that any of the particular defendants "employed" the Plaintiff aside from Plaintiff's bare assertion that they did so. There is no discussion of any of the *Enterprise* factors, nor facts pled that would support finding an employment relationship with any of the Defendants. Plaintiff does allege that he "performed various manual labor duties, including painting, plaster work, sheet rock repair, roofing, plumbing, and carpentry." (Compl. ¶ 75). But Plaintiff does not identify which of the Defendants he performed the work for, who supervised him, who exercised control over him, or any facts whatsoever that link his job duties, the work he performed, and the overtime he is allegedly owed, to any alleged employer in particular. There is plainly insufficient factual detail to allege a joint employment relationship between any of the Defendants, and without additional factual detail demonstrating which, if any, of the

Defendants actually employed Plaintiff, there would be no basis to award Plaintiff the relief he seeks vis-à-vis any particular Defendant. *Cf. Boone v. Salameh*, No. 11-171, 2012 WL 1435555, at *4 (W.D. Pa. Mar. 28, 2012) (dismissing a § 1983 claim in part because the "Plaintiff fail[ed] to specify how and when each individual Defendant" committed an actionable wrong against him, and instead "lump[ed] all three Defendants together and state[d] that they collectively" violated his constitutional rights). In sum, by pleading only that each Defendant "employed" Plaintiff and other similarly situated individuals, Plaintiff does nothing more than plead "threadbare recitals of elements of a cause of action." *Iqbal*, 556 U.S. at 678. This is insufficient to state a cause of action, and thus Counts I and II will be dismissed without prejudice.

### b. WPCL Claims (Count III)

Plaintiff alleges that Defendants have intentionally failed to pay wages due, in violation of the Pennsylvania WPCL. *See* 43 Pa.C.S.A. § 260.3. The WPCL "does not create a right to just compensation, rather it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." *Smeltzer v. Eaton Corp.*, No. 17-843, 2018 WL 3496948, at *3 (W.D. Pa. July 20, 2018) (quoting *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990)). The Plaintiff bears the burden of establishing that there was a written employment contract, an oral agreement, or an implied oral agreement to pay overtime wages in order to make out a claim under the WPCL. *Smeltzer*, 2018 WL 3496948 at *3. Plaintiff pleads no such facts, nor does he argue that he has. Rather, Plaintiff argues that a contractual agreement is not necessary for a WPCL claim. This assertion is inaccurate. Because Plaintiff has failed to plead facts that suggest that a contractual agreement to pay earned wages existed between Plaintiff and any of the Defendants, Plaintiff fails to sufficiently plead a claim under the WPCL. Count III will therefore be dismissed without prejudice.

### c. Unjust Enrichment Claims (Count IV)

The elements of unjust enrichment under Pennsylvania law are "(1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Mitchell v. Moore*, 729 A.2d 1200, 1203–04 (Pa. Super. Ct. 1999). Plaintiff does nothing more than plead "threadbare recitals of elements of [this] cause of action," *Iqbal*, 556 U.S. at 678, in the Complaint. (Compl. ¶ 118–21). For similar reasons as discussed above in relation to the FLSA and PMWA claims, Plaintiff's pleading of this Count fails due to a lack of specificity. For instance, Plaintiff did not identify what work was performed for which Defendant, nor did Plaintiff plead what benefits were conferred on which Defendant.

Because the Court concludes that Plaintiff has failed to plead sufficient facts to support a claim of unjust enrichment under Pennsylvania law, the Court need not address (and expresses no opinion on) whether Plaintiff's unjust enrichment claims are preempted by the FLSA, as argued by Defendants in their brief. (Br. in Supp. at 7, ECF No. 16). This claim is also dismissed without prejudice.

### d. Time-Barred Claims

A statute of limitations defense may be raised in a Rule 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Unless granting leave to amend would be inequitable or futile, "a district court must permit a curative amendment" when a claim is subject to dismissal under Rule 12(b)(6). *Phillips*, 515 F.3d at 236 (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

Claims for overtime compensation or liquidated damages under the FLSA must be brought within two years from when the cause of action accrued, except that willful violations may be brought within three years after the cause of action accrued. 29 U.S.C. § 255(a). A three-year limitations period applies to claims bought under the PMWA and WPCL and no showing of willfulness is required. 43 Pa. C.S.A. § 260.9a(g) (establishing a three-year limitations period for the WPCL); *Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920, 925 n.4 (W.D. Pa. 2011) ("The applicable statute of limitations under the PMWA is three years."). A four-year limitations period applies to unjust enrichment claims under Pennsylvania law. *Sevast v. Kakouras*, 915 A.2d 1147, 1153 (Pa. 2007).

The Complaint alleges that Plaintiff and similarly situated individuals are entitled to compensation for overtime work performed between June 2012 and June 2017. (Compl. ¶¶ 74, 97–122). The Complaint was filed on June 19, 2018. Because the Plaintiff will be granted leave to amend the Complaint, the Court expresses no opinion as to whether the two-year or three-year limitations period under the FLSA applies here. Nevertheless, the longest possible limitations period for the FLSA, PMWA, and WPCL claims is three years. Any such claims accruing after June 19, 2015, are plainly time-barred. Plaintiff appears to have conceded this point. (Br. in Opp. at 11, ECF No. 35) ("Plaintiff's claims under the FLSA and WPCL from June 19, 2015 to the present are not time-barred."). Even if Plaintiff were to cure the deficiencies in his Complaint with an amendment, any FLSA, PMWA, and WPCL claims that accrued prior to June 19, 2015, would remain barred due to the respective statutes of limitation. Thus, any amendment with respect to the FLSA, PMWA, and WPCL claims that relate to work prior to June 19, 2015, would be futile. Accordingly, any FLSA, PMWA, or WPCL claims in Counts I, II, and III that relate to work prior to June 19, 2015, will be dismissed with prejudice.

Likewise, the Court observes that even if Plaintiff were to cure the deficiencies in his Complaint related to Count IV, the unjust enrichment claims under Pennsylvania law, any unjust enrichment claims that accrued prior to June 19, 2014, would remain time-barred due to the four-year limitations period for that cause of action. Thus, any amendment with respect to the unjust enrichment claims that accrued prior to June 19, 2014, would be futile. Accordingly, any unjust enrichment claims in Count IV that accrued prior to June 19, 2014, will be dismissed with prejudice.

### III. Conclusion

Defendants' Motion to Dismiss (ECF No. 15) is GRANTED. All claims in Plaintiff's Complaint (ECF No. 1) are hereby DISMISSED. Any FLSA, PMWA, or WPCL claims in Counts I, II, and III that relate to work prior to June 19, 2015, are hereby DISMISSED WITH PREJUDICE. Any unjust enrichment claims in Count IV that accrued prior to June 19, 2014, are hereby DISMISSED WITH PREJUDICE.

The remaining claims in the Complaint are DISMISSED WITHOUT PREJUDICE. Plaintiff is hereby granted leave to amend the Complaint. The Amended Complaint must be filed on or before Monday, December 31, 2018.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: November 30, 2018
cc: All counsel of record