**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RAYMOND SIDA, individually and on behalf
of all persons similarly situated,

                    Plaintiff,

    v.

PINTURA CONSTRUCTION LLC,
CHURCHILL COMMUNITY
DEVELOPMENT LP, SJ GROUP LLC,
AMERIHOST SERVICES LLC, MOTEL 6
BANKSVILLE ROAD, PITTSBURGH
STUDIOS LP, PARADIGM CONSULTANTS
LLC, GLOBAL HOST INC., WINDOWS R US
LLC, SJ GROUP HOLDING LLC, RAMESH
JAIN and VIKAS JAIN,

                    Defendants.

Case No.: 2:18-cv-00806-MRH

ELECTRONICALLY FILED

**DEFENDANTS' ANSWER AND DEFENSES TO
PLAINTIFF'S AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Richard  L. Etter
Christopher Polchin
Fox Rothschild LLP
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
Telephone: (412) 394-5529
retter@foxrothschild.com

*Counsel for Defendants Churchill Community
Development LP, SJ Group LLC, Amerihost
Services LLC, Motel 6 Banksville Road, Pittsburgh
Studios LP, Paradigm Consultants LLC, Global
Host Inc., Windows R Us LLC, SJ Group Holding
LLC, Ramesh Jain, and Vikas Jain*

Defendants Churchill Community Development LP, SJ Group LLC, Amerihost Services LLC, Motel 6 Banksville Road, Pittsburgh Studios LP, Paradigm Consultants LLC, Global Host Inc., Windows R Us LLC, SJ Group Holding LLC, Ramesh Jain, and Vikas Jain (collectively, "Defendants"), by and through their undersigned attorneys, respectfully file this Answer and Defenses to Plaintiff's Amended Class and Collective Action Complaint ("Amended Complaint"). Defendants deny that they violated the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("WPCL"), and Pennsylvania common law; deny that this case is appropriate for class or collective action treatment; and deny each and every allegation contained in the Amended Complaint, except as specifically admitted herein.

Defendants answer each of the paragraphs in the Amended Complaint as follows:

## JURISDICTION AND VENUE

1.      Paragraph 1 is a conclusion of law requiring no response.  To the extent a response is required, Defendants admit only that Plaintiff purports to bring claims against them under the FLSA.  Defendants deny all other allegations in paragraph 1.

2.      Paragraph 2 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that the exercise of supplemental jurisdiction is appropriate based on the allegations in the Amended Complaint.

3.      Paragraph 3 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny all allegations contained in paragraph 3.

## PARTIES

4.      Defendants admit that Plaintiff performed work in the greater Pittsburgh, Pennsylvania area at various times between June 2012 and June 2017.  Defendants deny that they ever employed Plaintiff, and deny the remaining allegations in paragraph 4.

5.      Paragraph 5 requires no response because it contains no allegations against Defendants.  To the extent a response is required, Pintura Construction, LLC ("Pintura") is a Pennsylvania limited liability company controlled entirely by Plaintiff.  After reasonable investigation, Defendants are without sufficient information to determine the truth of the remaining allegations in paragraph 5, and therefore deny them.

6.      Paragraph 6 requires no response because it contains no allegations against Defendants and because it contains conclusions of law.  To the extent a response is required, Pintura is controlled entirely by Plaintiff and, as such, Plaintiff is the employer of any laborers identified in paragraph 6.  Defendants deny that they ever employed Plaintiff, and after reasonable investigation are without sufficient information to determine the truth of the remaining allegations in paragraph 6, and therefore deny them.

7.      Paragraph 7 requires no response because it contains no allegations against Defendants and because it contains conclusions of law.  To the extent a response is required, Pintura is controlled entirely by Plaintiff and, as such, Plaintiff is the employer of any employees identified in paragraph 7.  Defendants deny that they ever employed Plaintiff, and after reasonable investigation are without sufficient information to determine the truth of the remaining allegations in paragraph 7, and therefore deny them.

8.      Paragraph 8 requires no response because it contains no allegations against Defendants and because it contains conclusions of law.  To the extent a response is required, Pintura is controlled entirely by Plaintiff and, as such, Plaintiff is the employer of any individuals identified in paragraph 8.  After reasonable investigation, Defendants are without sufficient information to determine the truth of the remaining allegations in paragraph 8 and, therefore, deny them.

9.      Paragraph 9 requires no response because it contains no allegations against Defendants.  To the extent a response is required, after reasonable investigation, Defendants are without sufficient information to determine the truth of the allegations in paragraph 9 and, therefore, deny them.

10.     Paragraph 10 requires no response because it contains no allegations against Defendants and because it contains conclusions of law.  To the extent a response is required, after reasonable investigation, Defendants are without sufficient information to determine the truth of the allegations in paragraph 10 and, therefore, deny them.

11.     Defendants admit that Churchill Community Developments LP ("Churchill") is a Pennsylvania limited partnership that operates in this judicial district.  Defendants deny the remaining allegations in paragraph 11.

12.     Defendants admit that Churchill's principle place of business is in Pittsburgh, Pennsylvania.  Defendants deny the remaining allegations in paragraph 12.

13.     Paragraph 13 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Churchill employed Plaintiff or any members of the putative class.

14.     Paragraph 14 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Churchill employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

15.     Defendants deny that Churchill's annual gross volume of business exceeds $500,000.00.

16.     Paragraph 16 is a conclusion of law requiring no response.

17.     Defendants admit that SJ Group LLC ("SJ Group") is a Pennsylvania limited liability company that operates in this judicial district.  Defendants deny the remaining allegations of paragraph 17.

18.     Defendants deny that SJ Group is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

19.     Paragraph 19 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that SJ Group employed Plaintiff or any members of the putative class.

20.     Paragraph 20 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that SJ Group employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

21.     Defendants deny that SJ Group's annual gross volume of business exceeds $500,000.00.

22.     Paragraph 22 is a conclusion of law requiring no response.

23.     Defendants admit that Defendant Amerihost Services LLC ("Amerihost") is a Pennsylvania limited liability company that operates in this judicial district.  Defendants deny the remaining allegations of paragraph 23.

24.     Defendants deny that Amerihost is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

25.     Paragraph 25 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Amerihost employed Plaintiff or any members of the putative class.

26.     Paragraph 26 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Amerihost employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

27.     Defendants deny that Amerihost's annual gross volume of business exceeds $500,000.00.

28.     Paragraph 28 is a conclusion of law requiring no response.

29.     Defendants deny that Motel 6 Banksville Road ("Motel 6") is a Pennsylvania Corporation that operates throughout the United States, including this judicial district.

30.     Defendants deny that Motel 6 is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

31.     Paragraph 31 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Motel 6 employed Plaintiff or any members of the putative class.

32.     Paragraph 32 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Motel 6 employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

33.     Defendants deny that Motel 6's annual gross volume of business exceeds $500,000.00.

34.     Paragraph 34 is a conclusion of law requiring no response.

35.     Defendants admit that Pittsburgh Studios LP ("Pittsburgh Studios") is a Pennsylvania limited partnership that operates in this judicial district.  Defendants deny the remaining allegations of paragraph 35.

36.     Defendants deny that Pittsburgh Studios is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

37.     Paragraph 37 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Pittsburgh Studios employed Plaintiff or any members of the putative class.

38.     Paragraph 38 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Pittsburgh Studios employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

39.     Defendants deny that Pittsburgh Studios' annual gross volume of business exceeds $500,000.00.

40.     Paragraph 40 is a conclusion of law requiring no response.

41.     Defendants admit that Paradigm Consultants LLC ("Paradigm") is a Pennsylvania limited liability company that operates in this judicial district.  Defendants deny the remaining allegations of paragraph 41.

42.     Defendants deny that Paradigm is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

43.     Paragraph 43 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Paradigm employed Plaintiff or any members of the putative class.

44.     Paragraph 44 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Paradigm employs individuals engaged in commerce or in the

production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

45.     Defendants deny that Paradigm's annual gross volume of business exceeds $500,000.00.

46.     Paragraph 46 is a conclusion of law requiring no response.

47.     Defendants admit that Global Host Inc. ("Global") is a Pennsylvania corporation that operates in this judicial district.  Defendants deny the remaining allegations of paragraph 47.

48.     Defendants deny that Global is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

49.     Paragraph 49 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Global employed Plaintiff or any members of the putative class.

50.     Paragraph 50 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Global employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

51.     Defendants deny that Global's annual gross volume of business exceeds $500,000.00.

52.     Paragraph 52 is a conclusion of law requiring no response.

53.     Defendants admit that Windows R Us LLC ("Windows") is a Pennsylvania limited liability company that operates in this judicial district.  Defendants deny the remaining allegations of paragraph 53.

54.     Defendants deny that Windows is a full service construction company that employs laborers throughout Pennsylvania, and maintains its principal operations office in Pittsburgh, Pennsylvania.

55.     Paragraph 55 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Windows employed Plaintiff or any members of the putative class.

56.     Paragraph 56 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Windows employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

57.     Defendants deny that Windows' annual gross volume of business exceeds $500,000.00.

58.     Paragraph 58 is a conclusion of law requiring no response.

59.     Defendants admit that SJ Group Holding LLC ("SJ Group Holding") is a Mississippi limited liability company that operates in this judicial district.  Defendants deny the remaining allegations of paragraph 59.

60.     Defendants deny that SJ Group Holding is a full service construction company that employs laborers throughout Pennsylvania and Mississippi, and maintains its principal operations office in Jackson, Mississippi.

61.     Paragraph 61 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that SJ Group Holding employed Plaintiff or any members of the putative class.

62.     Paragraph 62 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that SJ Group Holding employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

63.     Defendants deny that SJ Group Holding's annual gross volume of business exceeds $500,000.00.

64.     Paragraph 64 is a conclusion of law requiring no response.

65.     Paragraph 65 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Ramesh Jain is an individual who owned and/or controlled all of the named defendants, and deny that he employed Plaintiff or any members of the putative class.

66.     Paragraph 66 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Vikas Jain is an individual who owned and/or controlled all of the named defendants, and deny that he employed Plaintiff or any members of the putative class.

67.     Paragraph 67 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Pintura, Churchill, SJ Group, Amerihost, Motel 6, Pittsburgh Studios, Paradigm, Global, Windows, SJ Group Holding, Ramesh Jain, and Vikas Jain employed or jointly employed Plaintiff or any members of the putative class.

68.     Paragraph 68 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Pintura, Churchill, SJ Group, Amerihost, Motel 6, Pittsburgh Studios, Paradigm, Global, Windows, SJ Group Holding, Ramesh Jain, and Vikas Jain were and are related and performed through unified operation or common control for a common business purposes, and deny that they have, since at least June 2012, constituted an enterprise within the meaning of section 3(r) of the Act.

## CLASS DEFINITIONS

69.     Defendants admit only that Plaintiff purports to bring Count I as a collective action pursuant to 29 U.S.C. § 216(b).  Defendants deny that Plaintiff or the members of the proposed "FLSA Class" are covered by the FLSA, deny that Plaintiff and the members of the proposed "FLSA Class" are similarly situated, and deny all allegations in paragraph 69.

70.     Defendants admit only that Plaintiff purports to bring Counts II, III, and IV as a class action pursuant to Federal Rule of Civil Procedure 23.  Defendants deny that Plaintiff or the

members of the proposed "Pennsylvania Class" are covered by the PMWA or the WPCL, deny that they were unjustly enriched, deny that Plaintiff can meet the requirements of Rule 23, and deny all allegations in paragraph 70.

71.     Defendants object to Plaintiff grouping the FLSA Class and the Pennsylvania Class together and referring to them collectively as the "Classes."

72.     Defendants object to Plaintiff's attempt to reserve the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

73.     Paragraph 73 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Ramesh Jain and Vikas Jain owned and/or control all of the named defendant companies; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 73.

74.     Defendants deny as stated the allegations in paragraph 74 as the Enforcement Order identified therein is a written document that speaks for itself.

75.     Defendants deny as stated the allegations in paragraph 75 as the Enforcement Order identified therein is a written document that speaks for itself.

76.     Defendants deny as stated the allegations in paragraph 76 as the Enforcement Order identified therein is a written document that speaks for itself.

77.     Defendants deny as stated the allegations in paragraph 77 as the Appeal and Amended Appeal identified therein are written documents that speak for themselves.

78.     Admitted upon information and belief.

79.     Paragraph 79 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny as stated the allegations in paragraph 79 as the record of the hearing identified therein is a written document that speaks for itself.

80.     Paragraph 80 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Ramesh Jain and Vikas Jain owned or controlled Pintura and all of the named defendant entities; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 80.

81.     Paragraph 81 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Ramesh Jain, Vikas Jain, or the named defendant entities employed Plaintiff or any members of the putative Classes; and deny all allegations contained in paragraph 81.

82.     Defendants deny that Ramesh Jain and Vikas Jain used Plaintiff and the members of the putative Classes as general laborers to perform various manual labor duties at the properties that they would buy and then sell; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 82.

83.     Defendants deny that the Ramesh Jain and Vikas Jain would buy about seven properties per month under the guise of the various Defendant entities; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 83.

84.     Paragraph 84 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they employed Plaintiff and the members of the putative Classes; deny that the Jains owned and/or operated all of the named defendants; deny that the Jains instructed Plaintiff and the members of the putative Classes to report to various properties to perform various manual labor duties; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 84.

85.     Paragraph 85 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that the Jains hired Plaintiff; deny that the Jains employed Plaintiff;

deny that Plaintiff was paid a fixed hourly rate of $16 to $22 per hour; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 85.

86.     Defendants deny that the members of the putative Classes a fixed hourly rate of $13 to $15 per hour; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 86.

87.     Paragraph 87 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that the Jains employed Plaintiff and the members of the putative Classes; deny that the Jains gave instructions to Plaintiff; deny that Plaintiff was paid more because he spoke English and Spanish and could translate instructions to the members of the putative Classes who spoke only Spanish; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 87.

88.     Defendants deny that Plaintiff and the members of the putative Classes were misclassified as independent contractors; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 88.

89.     Defendants deny that they the Jains trained Plaintiff and the members of the putative Classes, controlled and regulated their pay, directed their tasks, set specific hours, and dictated how the work should be completed; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 89.

90.     Defendants deny that the Jains would tell Plaintiff how to perform the tasks and subsequently direct Plaintiff to tell the other workers what the Jains had instructed them to do; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 90.

91.     Defendants deny that the Jains would pay Plaintiff and the members of the putative

Classes for the hours that they performed manual labor at the various properties deny that Plaintiff

and the members of the putative Classes were employees of Defendants; and deny all allegations

contained in paragraph 91.

92.     Defendants deny that Vikas Jain would write a check out from whatever entity he

chose to Plaintiff and the members of the putative Classes for the hours that they worked for that

week; deny that Plaintiff and the members of the putative Classes were employees of Defendants;

and deny all allegations contained in paragraph 92.

93.     Defendants deny that the entity that the check came from did not match the entity

for which Plaintiff was performing work for, but instead, the checks came from whatever entity that

Vikas Jain chose to pay him from; deny that Plaintiff and the members of the putative Classes were

employees of Defendants; and deny all allegations contained in paragraph 93.

94.     Defendants deny that regardless of what entity the checks came from, Vikas Jain

would always sign the checks; deny that Plaintiff and the members of the putative Classes were

employees of Defendants; and deny all allegations contained in paragraph 94.

95.     Defendants admit only that Plaintiff and the members of the putative Classes did not

receive pay stubs for the work they performed.  Defendants deny that Plaintiff and the members of

the putative Classes were employees of Defendants; and deny all allegations contained in paragraph

95.

96.     After reasonable investigation, Defendants are unable to determine what Plaintiff

and the members of the putative Classes knew about the work they were performing and, therefore,

deny all allegations in paragraph 96.

97.     Paragraph 97 is a conclusion of law requiring no response.  To the extent a response

is required, Defendants deny that the Jains, acting as or on behalf of the Defendant entities, had a

policy and/or practice of failing to compensate Plaintiff and the members of the putative Classes for the overtime hours that they worked; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 97.

98.     Paragraph 98 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Plaintiff and the members of the putative Classes would text the Jains how many hours that they worked for each work week; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 98.

99.     Paragraph 99 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that the Jains, acting as or on behalf of the Defendant entities, would then pay Plaintiff and the members of the putative Classes its hourly rate compensation system that did not take into account the hours worked in a workweek or overtime hours; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 99.

100.    Paragraph 100 is a conclusion of law requiring no response.  To the extent a response is required, Defendants admit only that they did not pay Plaintiff a salary.  Defendants deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 100.

101.    Paragraph 101 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they were required to maintain accurate records of the hours that Plaintiff and the members of the putative Classes worked each workday and the total hours worked each workweek; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 101.

102.     Paragraph 102 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they failed to provide to Plaintiff and the members of the putative Classes information regarding which named Defendant company that they were performing work for; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 102.

103.     Paragraph 103 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 103.

104.     Paragraph 104 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Plaintiff and the members of the putative classes routinely worked 6 or 7 days per week and more than 10 hours per day; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 104.

105.     Paragraph 105 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they did not properly compensate Plaintiff and the members of the putative Classes for all work performed; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 105.

106.     Paragraph 106 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they failed to properly compensate Plaintiff and the members of the putative Classes for all work performed; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 106.

## COLLECTIVE ACTION ALLEGATIONS

107.     Defendants admit only that Plaintiff purports to bring his lawsuit pursuant to 29 U.S.C. § 216(b).  Defendants deny that they employed Plaintiff or any members of the putative class;

deny that collective or class action treatment is appropriate; and deny that Plaintiff is covered by the FLSA.

108.     Defendants admit only that Plaintiff purports to bring his lawsuit pursuant to 29 U.S.C. § 216(b).  Defendants deny that they employed Plaintiff or any members of the putative class; deny that collective or class action treatment is appropriate; and deny that Plaintiff is covered by the FLSA.

109.     Paragraph 109 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Plaintiff and the FLSA Class are "similarly situated" as that term is used in 29 U.S.C. §216(b); deny that they worked pursuant to Defendants' previously described common business practices; deny that they were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek; deny that resolution of this action requires inquiry into common facts; deny that collective or class action treatment is appropriate; deny that Plaintiff is covered by the FLSA; and deny all allegations contained in paragraph 109.

110.     Paragraph 110 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they failed to properly compensate Plaintiff and the FLSA Class for all work performed; deny that collective or class action treatment is appropriate; deny that Plaintiff is covered by the FLSA; deny that Plaintiff and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 110.

111.     Paragraph 111 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that Plaintiff and the FLSA Class are "similarly situated"; deny that the FLSA Class is known to Defendants and readily identifiable; deny that collective or class action treatment is appropriate; deny that Plaintiff is covered by the FLSA; deny that Plaintiff

and the members of the putative Classes were employees of Defendants; and deny all allegations contained in paragraph 111.

## CLASS ACTION ALLEGATIONS

112.    Defendants admit only that Plaintiff purports to bring his lawsuit pursuant to Fed. R. Civ. P. 23.  Defendants deny that they employed Plaintiff or any members of the putative class; deny that class action treatment is appropriate; and deny that they violated any provisions of Pennsylvania law.

113.    Paragraph 113 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they employed Plaintiff or any members of the putative class; deny that class action treatment is appropriate; deny that the putative class fulfills the numerosity requirement; and deny all allegations contained in paragraph 113.

114.    Paragraph 114 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they employed Plaintiff or any members of the putative class; deny that class action treatment is appropriate; deny that Plaintiff is a proper representative for any putative class; deny the putative class meets the typicality requirement; deny Plaintiff's counsel is experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one; and deny all allegations contained in paragraph 114.

115.    Paragraph 115 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they employed Plaintiff or any members of the putative class; deny that class action treatment is appropriate; deny that there are any questions of law or fact common to any putative class; deny that they violated any provisions of Pennsylvania law; deny that the putative class meets the commonality requirement; and deny all allegations contained in paragraph 115.

116.    Paragraph 116 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they employed Plaintiff or any members of the putative class; deny that class action treatment is appropriate; deny that the putative class meets the typicality requirement; deny that Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; deny that Plaintiff's claims are based on the same legal standard and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; deny that there are no conflicts between the interests of Plaintiff and the Pennsylvania Class members; and deny that Plaintiff and the members of the putative Pennsylvania Class have suffered any injury; deny that they violated any provisions of Pennsylvania law; and deny all allegations contained in paragraph 116.

117.    Paragraph 117 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they employed Plaintiff or any members of the putative class; deny that class action treatment is appropriate; deny that common questions of law and fact predominate over individual questions; and deny all allegations contained in paragraph 117.

118.    Paragraph 118 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they employed Plaintiff or any members of the putative class; deny that class action treatment is appropriate; deny that putative Pennsylvania Class meets the superiority requirement; deny that the members of the putative Pennsylvania Class are readily identifiable; and deny all allegations contained in paragraph 118.

119.    Paragraph 119 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they employed Plaintiff or any members of the putative class; deny that class action treatment is appropriate; deny that putative Pennsylvania Class meets the superiority requirement; deny that joinder is impractical; and deny all allegations contained in paragraph 119.

120.     Paragraph 120 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they employed Plaintiff or any members of the putative class; deny that class action treatment is appropriate; deny that they engaged in any wrongdoing; deny that Plaintiff and the putative Pennsylvania Class suffered any damages; and deny all allegations contained in paragraph 120.

## COUNT I
## FAIR LABOR STANDARDS ACT

121.     Defendants incorporate their answers to paragraphs 1 through 120 as if set forth in their entirety.

122.     Paragraph 122 is a conclusion of law requiring no response.  To the extent a response is required, Defendants admit only that FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed.  Defendants deny that they employed Plaintiff and the members of the putative class; deny that Plaintiff and the members of the putative class are covered by the FLSA; and deny all allegations contained in paragraph 122.

123.     Paragraph 123 is a conclusion of law requiring no response.  To the extent a response is required, Defendants admit only that the FLSA provides that, if an employee is paid an hourly rate, for overtime hours of work the employee must be paid, in addition to the straight time hourly earnings, a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in a week.  Defendants deny that they employed Plaintiff and the members of the putative class; deny that Plaintiff and the members of the putative class are covered by the FLSA; and deny all allegations contained in paragraph 123.

124.     Paragraph 124 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they violated the FLSA; deny that they employed

Plaintiff and the members of the putative class; deny that Plaintiff and the members of the putative class are covered by the FLSA; and deny all allegations contained in paragraph 124.

125.    Paragraph 125 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they violated the FLSA; deny that they employed Plaintiff and the members of the putative class; deny that Plaintiff and the members of the putative class are covered by the FLSA; and deny all allegations contained in paragraph 125.

126.    Paragraph 126 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they employed Plaintiff and the members of the putative class; deny that Plaintiff and the members of the putative class are covered by the FLSA; and deny all allegations contained in paragraph 126.

127.    Paragraph 127 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they violated the FLSA; deny that they employed Plaintiff and the members of the putative class; deny that Plaintiff and the members of the putative class are covered by the FLSA; and deny all allegations contained in paragraph 127.

## COUNT II
## <u>PENNSYLVANIA MINIMUM WAGE ACT</u>

128.    Defendants incorporate their answers to paragraphs 1 through 127 as if set forth in their entirety.

129.    Paragraph 129 is a conclusion of law requiring no response.  Defendants admit only that the PMWA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed.  Defendants deny that they employed Plaintiff and the members of the putative class; deny that Plaintiff and the members of the putative class are covered by the PMWA; and deny all allegations contained in paragraph 129.

130.     Paragraph 130 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they violated the PMWA; deny that they employed Plaintiff and the members of the putative class; deny that Plaintiff and the members of the putative class are covered by the PMWA; and deny all allegations contained in paragraph 130.

131.     Paragraph 131 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they violated the PMWA; deny that they employed Plaintiff and the members of the putative class; deny that Plaintiff and the members of the putative class are covered by the PMWA; and deny all allegations contained in paragraph 131.

132.     Paragraph 132 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they violated the PMWA; deny that they employed Plaintiff and the members of the putative class; deny that Plaintiff and the members of the putative class are covered by the PMWA; and deny all allegations contained in paragraph 132.

133.     Paragraph 133 is a conclusion of law requiring no response.  To the extent a response is required, Defendants deny that they violated the PMWA; deny that they employed Plaintiff and the members of the putative class; deny that Plaintiff and the members of the putative class are covered by the PMWA; and deny all allegations contained in paragraph 133.

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

134.     Defendants incorporate their answers to paragraphs 1 through 133 as if set forth in their entirety.

135.     No response to paragraph 135 is required, as Defendants have contemporaneously filed a motion to dismiss Count III of the Amended Complaint, which motion is incorporated by reference herein.

136.     No response to paragraph 136 is required, as Defendants have contemporaneously filed a motion to dismiss Count III of the Amended Complaint, which motion is incorporated by reference herein.   .

137.     No response to paragraph 137 is required, as Defendants have contemporaneously filed a motion to dismiss Count III of the Amended Complaint, which motion is incorporated by reference herein.

138.     No response to paragraph 138 is required, as Defendants have contemporaneously filed a motion to dismiss Count III of the Amended Complaint, which motion is incorporated by reference herein.

139.     No response to paragraph 139 is required, as Defendants have contemporaneously filed a motion to dismiss Count III of the Amended Complaint, which motion is incorporated by reference herein.

140.     No response to paragraph 140 is required, as Defendants have contemporaneously filed a motion to dismiss Count III of the Amended Complaint, which motion is incorporated by reference herein.

**COUNT IV**
**UNJUST ENRICHMENT**

141.     Defendants incorporate their answers to paragraphs 1 through 141 as if set forth in their entirety.

142.     No response to paragraph 142 is required, as Defendants have contemporaneously filed a motion to dismiss Count IV of the Amended Complaint, which motion is incorporated by reference herein.

143.    No response to paragraph 143 is required, as Defendants have contemporaneously filed a motion to dismiss Count IV of the Amended Complaint, which motion is incorporated by reference herein.

144.    No response to paragraph 144 is required, as Defendants have contemporaneously filed a motion to dismiss Count IV of the Amended Complaint, which motion is incorporated by reference herein.

145.    No response to paragraph 145 is required, as Defendants have contemporaneously filed a motion to dismiss Count IV of the Amended Complaint, which motion is incorporated by reference herein.

146.    No response to paragraph 146 is required, as Defendants have contemporaneously filed a motion to dismiss Count IV of the Amended Complaint, which motion is incorporated by reference herein.

## PRAYER FOR RELIEF

The allegations in the WHEREFORE clause state a prayer for relief requiring no response. To the extent a response is required, Defendants deny that Plaintiff (or the putative class) is entitled to any of the requested relief.

## JURY TRIAL DEMAND

Defendants specifically deny that this case presents any factual issues that would survive a motion for summary judgment and, thus, be appropriate for resolution before a jury panel.

## DEFENSES

1.    Plaintiff's claims and/or the claims of members of the putative class and collective action are barred, in whole or in part, because the Amended Complaint fails to state any claim or cause of action upon which relief can be granted.

2.      Plaintiff's claims and/or the claims of members of the putative class and collective action are barred because Defendant Pintura is solely operated and controlled by the Plaintiff himself.

3.      Plaintiff's claims and/or the claims of members of the putative class and collective action are barred because Plaintiff and/or members of the putative class were not employees of Defendants.

4.      Plaintiff's claims and/or the claims of members of the putative class and collective action are barred because Plaintiff cannot establish an agreement or any other legal and factual basis entitling him and/or the members of the putative class and collective action to unpaid wages from the Defendants.

5.      Plaintiff's claims and/or the claims of members of the putative class and collective action are barred, in whole or in part, by the applicable statutes of limitations.

6.      Plaintiff's claims and/or the claims of members of the putative class and collective action are barred, in whole or in part, because at all relevant times, they were properly compensated for all work performed.

7.      Plaintiff's claims and/or the claims of members of the putative class and collective action are barred, in whole or in part, because they have not sustained any injury or damage by reason of any act or omission of Defendants.

8.      Plaintiff's claims and/or the claims of members of the putative class and collective action are barred, in whole or in part, by the doctrines of release, accord and satisfaction, waiver, estoppel, unclean hands, set-off, and/or offset.

9.      To the extent that Plaintiff and/or members of the putative class and collective action were paid compensation beyond that to which they were entitled by Defendants, such

additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

10.     Plaintiff has failed to satisfy the prerequisites for a class or collective action.

11.     Certification of a class, based upon the facts and circumstances of this case, would constitute a denial of Defendants' right to due process under the Fourteenth Amendment of the United States Constitution, as well as the Constitution of the Commonwealth of Pennsylvania.

12.     An award of penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendants' due process and other rights under the United States Constitution, as well as the Constitution of the Commonwealth of Pennsylvania.

13.     Plaintiff and/or members of the putative classes failed to mitigate damages, entitlement to which is expressly denied.

14.     Plaintiff's claims and/or the claims of members of the putative classes are offset by any amounts owed to Defendants, including but not limited to overpayments or other forms of unjust enrichment.

15.     Plaintiff's claims and/or the claims of members of the putative classes are barred, in whole or in part, because they failed to demand payment.

16.     Plaintiff's claims and/or the claims of members of the putative classes are barred, in whole or in part, because Plaintiff lacks standing to seek some or all of the requested relief.

17.     Plaintiff's claims and/or the claims of members of the putative classes are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the Federal law, Pennsylvania statutory law, and/or Pennsylvania common law.

18.     Plaintiff's claims and/or the claims of members of the putative classes are barred to the extent they seek remedies beyond those provided for by the FLSA, the PMWA, the WPCL, and/or Pennsylvania common law.

19.     Plaintiff reserves the right to amend this Answer or add additional defenses as they become known through discovery or investigation.

WHEREFORE, Defendants respectfully requests that the claims alleged in the Amended Complaint be dismissed in their entirety with prejudice, and that it be awarded costs of defense, including reasonable attorneys' fees.

Respectfully submitted,

/s/ Richard L. Etter
Richard L. Etter (PA 92835)
Christopher Polchin (PA 316636)
FOX ROTHSCHILD LLP
500 Grant Street, Suite 2500
Pittsburgh, Pennsylvania 15219
Telephone: (412) 394-5529
Fax: (412) 391-6984
retter@foxrothschild.com

*Counsel for Churchill Community Development LP, SJ Group LLC, Amerihost Services LLC, Motel 6 Banksville Road, Pittsburgh Studios LP, Paradigm Consultants LLC, Global Host Inc., Windows R Us LLC, SJ Group Holding LLC, Ramesh Jain, and Vikas Jain*

Dated: January 11, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendants' Answer and Defenses to Plaintiff's Amended Class and Collective Action has been served by electronic means through the Court's transmission facilities on all counsel of record.


FOX ROTHSCHILD LLP

Date:  January 11, 2019                    */s/ Richard L. Etter*
                                           Richard L. Etter