# RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is made and entered into by and between Raymond Sida ("PLAINTIFF") and Churchill Community Development LP, SJ Group LLC, Amerihost Services LLC, Motel 6 Banksville Road, Pittsburgh Studios LP, Paradigm Consultants LLC, Global Host Inc., Windows R Us LLC, SJ Group Holding LLC, Ramesh Jain, and Vikas Jain ("DEFENDANTS", and collectively with PLAINTIFF, the "PARTIES"), based on and in view of the following facts:

A.  PLAINTIFF instituted a legal action against DEFENDANTS and Pintura Construction, LLC ("PINTURA") in the United States District Court for the Western District of Pennsylvania, Case No. 2:18-cv-00806-MRH, for alleged unpaid wages under federal law and the laws of the Commonwealth of Pennsylvania ("the Lawsuit").

B.  DEFENDANTS expressly deny any and all liability to PLAINTIFF, and the PARTIES agree that this Agreement does not constitute an acknowledgment or admission of any liability or wrongdoing.

C.  DEFENDANTS desire to avoid further litigation and the costs, legal fees, and inconvenience attendant thereto.

D.  This Agreement is intended to be a release which fully and finally disposes of any and all claims, complaints, and causes of actions possessed by PLAINTIFF against DEFENDANTS and PINTURA that were brought or could have been brought in the Lawsuit.

E.  DEFENDANTS and PINTURA are being fully released from any and all liability in the Lawsuit by entering into this Agreement and through the payment by DEFENDANTS to PLAINTIFF of only the consideration herein set forth.

F.  PLAINTIFF acknowledges and agrees that, among other things, this Agreement resolves a *bona fide* and disputed claim concerning his entitlement to payment for back wages, including minimum wage and overtime compensation, under applicable federal, state and/or local laws applicable to such claims, including, but not limited to: the Fair Labor Standards Act, 29 U.S.C. §§ 201 ("FLSA"), *et seq.*; the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101, *et seq.*; and the Pennsylvania Wage Payment and Collection Law. 43 P.S. §§ 260.1, *et seq.*

G.  PLAINTIFF acknowledges and agrees that he is represented by able counsel and has received competent legal advice that the amount of the settlement as set forth in Paragraph 2 of this Agreement represents a fair compromise of the alleged minimum wage, overtime pay, and liquidated damages that he would be entitled to receive in light of the risk of loss associated with all or some of the compensation he claims in the Lawsuit. PLAINTIFF further acknowledges that this Agreement resolves a good faith dispute that exists between the PARTIES regarding his entitlement to relief under said statutes.

H.  As a result of the consideration that PLAINTIFF is receiving as set forth in this Agreement, PLAINTIFF acknowledges and agrees that he has no further claims for wages and other compensation allegedly due in connection with his work as a laborer for or on behalf of DEFENDANTS and/or PINTURA, including all wages, overtime pay and other compensation sought in connection with the claims alleged in the Lawsuit. PLAINTIFF further acknowledges and agrees that he is not owed any additional amounts in the form of penalties, liquidated damages, or other sums as a result of any claims alleged in the Lawsuit.

I.  By entering into this Agreement, DEFENDANTS do not admit that DEFENDANTS—either collectively or individually—owned, managed, or controlled, or shared in the ownership, management, or control of, PINTURA. DEFENDANTS have denied and continue to deny the same. Nothing in this Agreement shall be used as evidence to the contrary in any future action or proceeding.

NOW, THEREFORE, in view of the facts recited above and in consideration of the various promises and conditions hereinafter described, PLAINTIFF and DEFENDANTS agree to compromise, settle and release certain claims and causes of action and enter into a certain release, as herein described, to wit:

1.  **Release:** Subject to the terms of this Agreement, PLAINTIFF, and his heirs, executors, administrators, personal representatives and legal representatives, hereby releases DEFENDANTS, PINTURA, and all of their current and former trustors, beneficiaries, receivers, parents, affiliates, subsidiaries, divisions, predecessors, successors, assigns, corporations, shareholders, officers, agents, servants, directors, current and former employees, partners, partnerships, joint ventures, companies, members, attorneys, representatives, heirs, executors, and administrators (collectively, the "RELEASED PARTIES"), from any and all claims, causes of action, charges, complaints, grievances, obligations, losses, damages, injuries, attorneys' fees, costs, and any other legal responsibilities in connection with or relating to his work for or on behalf of DEFENDANTS and/or PINTURA including, but not limited to, all claims and causes of action raised or fairly raised by the pleadings in the Lawsuit, and in addition, any and all attorneys' fees, interest, liens, damages, costs, expenses, or any other sums expended by PLAINTIFF or alleged to have been incurred by PLAINTIFF, his attorneys, and any other

person acting on PLAINTIFF'S behalf, which arose or which may hereafter arise from any of the wrongs, injuries suffered, or claims raised in any manner by PLAINTIFF in the Lawsuit (collectively, the "RELEASED CLAIMS").

2.   **Consideration:** In consideration for the covenants, releases, and compromises of PLAINTIFF as set forth in this Agreement, DEFENDANTS agree to pay PLAINTIFF the gross amount of Twenty Thousand Dollars ($20,000.00) (the "Settlement Payment"). The Settlement Payment shall be comprised of two payments: (1) a check in the amount of Ten Thousand Nine Hundred Forty-Four 40/100 Dollars ($10,944.40), made payable to Raymond Sida; and (2) a check in the amount of Nine Thousand Fifty-Five 60/100 Dollars ($9,055.60), made payable to HARDIN THOMPSON, P.C. PLAINTIFF and counsel for PLAINTIFF shall provide one or more IRS W-9 Forms to DEFENDANTS as necessary to allow DEFENDANTS to complete the Settlement Payment. Neither PLAINTIFF nor DEFENDANTS shall have any further monetary obligation to the other except as expressly set forth in this Agreement.

3.   **Motion to Approve Settlement:** Within ten (10) days of the date on which this Agreement is fully executed, counsel for PLAINTIFF shall file a Motion to Approve Settlement with the Court in the Lawsuit. In the Motion, PLAINTIFF shall seek Court approval of this settlement and Agreement in accordance with the FLSA, and shall request that the Court dismiss the Lawsuit with prejudice as to all defendants named in the Lawsuit, including PINTURA.

4.   **Timing of Settlement Payment:** DEFENDANTS shall make the Settlement Payment to PLAINTIFF within thirty (30) days of this Agreement being fully executed by all PARTIES and the Court granting the Motion for Settlement Approval and enters an Order dismissing the Lawsuit as to all defendants named in the Lawsuit, with prejudice.

5. **Binding Effect:** This Agreement shall not become effective until the date on which it has been signed by all PARTIES. The persons signing this Agreement represent that they have read this Agreement and fully understand its provisions. The signatories of the PARTIES declare that they are of legal age and that they have relied solely upon their own judgment without influence of anyone in making this Agreement, and that they are legally authorized to execute the same. The PARTIES further acknowledge that they have been provided a reasonable, full, and ample opportunity to study this Agreement, that it fully and accurately reflects all understandings and agreements between the PARTIES concerning the matters referenced herein, and that they are not relying on any other representations whatsoever as an inducement to execute this Agreement.

6. **Scope of Agreement:** This Agreement embodies the entire agreement and understanding of the PARTIES with respect to the matters addressed herein, and may not be modified, revoked, or otherwise altered except by a separate writing executed by the PARTIES.

7. **Full and Fair Consideration:** PLAINTIFF acknowledges that the consideration described in Paragraph 2 of this Agreement is all that PLAINTIFF will ever receive from DEFENDANTS and PINTURA in settlement of the RELEASED CLAIMS.

8. **No Admission of Liability:** The PARTIES agree that neither this Agreement, nor anything contained herein, shall be construed as an admission by DEFENDANTS, PINTURA or any of the other RELEASED PARTIES that they have in any respect violated or abridged any federal, state, or local law, or any right or obligation that they may owe or may have owed, with respect to PLAINTIFF. Rather, the PARTIES agree that this is a compromise of disputed claims for which DEFENDANTS deny all liability. No findings or judgments have been made by any court or governmental agency with respect to the merits of PLAINTIFF'S allegations and claims

for relief in the Lawsuit. PLAINTIFF does not assert and shall not claim that PLAINTIFF is a prevailing party, to any degree or extent, nor shall this Agreement or its terms be admissible in any proceeding, other than in a proceeding to enforce this Agreement and/or the terms contained herein. DEFENDANTS, PINTURA, and the other RELEASED PARTIES hereby expressly deny any wrongdoing or liability whatsoever to PLAINTIFF.

9. **Covenant and Representation of No Pending Claims:** PLAINTIFF represents and covenants that no claims have been filed by him or are pending against DEFENDANTS or any of the other RELEASED PARTIES before any local, state, or federal agency or department, or with any court, other than the Lawsuit. PLAINTIFF agrees, promises, and covenants that he has made no assignment and shall make no assignment of the RELEASED CLAIMS.

10. **Taxes:** The PARTIES agree that they shall be each be separately responsible for any of their respective tax obligations. PLAINTIFF agrees that he will hold DEFENDANTS and the RELEASED PARTIES harmless from any and all tax and/or lien liability arising out of this settlement. DEFENDANTS have neither made nor make in this Agreement any representation as to the tax and/or lien consequences of this Agreement, and PLAINTIFF has not relied on any statement of DEFENDANTS as constituting tax and/or lien advice. PLAINTIFF acknowledges and agrees that no provision of this Agreement, and no written communication or disclosure between the PARTIES and their attorneys is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended).

11. **Confidentiality:** The PARTIES agree to keep confidential and not to otherwise disclose the terms of this Agreement, other than to their immediate family members, tax preparers, and legal advisors, provided that any such individuals agree to maintain the

confidentiality of this Agreement and any disclosure of this Agreement or its terms by any such individual shall be treated as a violation of this provision. Nothing herein shall preclude the PARTIES from disclosing this Agreement as required by valid court order, subpoena, or in response to a valid government investigation.

12. **Construction and Applicable Law:** This Agreement shall be construed in accordance with the laws of the Commonwealth of Pennsylvania. Venue for enforcement of this Agreement shall be proper in the United States District Court for the Western District of Pennsylvania.

13. **Preparation of Documents:** This Agreement is the joint work product of the PARTIES and, in the event of any ambiguity herein, no inference shall be drawn against any party by reason of document preparation.

14. **Counterparts:** This Agreement may be executed in counter-parts, the sum total of which shall constitute the final, executed Agreement.

**IN WITNESS WHEREOF**, this Agreement is executed by PLAINTIFF and DEFENDANTS as of the dates indicated by their signature.

**PLAINTIFF:**

_____
RAYMOND SIDA

Date: _____

**GLOBAL HOST INC.**

Signature: _____R C Jain_____

Date: _____7/19/19_____

**WINDOWS R US LLC**

Signature: _____R C Jain_____

Date: _____7/19/19_____

**SJ GROUP HOLDING LLC**

Signature: _____

Date: _____7/19/19_____

**RAMESH JAIN**

_____R C Jain_____

RAMESH JAIN

Date: _____7/19/19_____

**VIKAS JAIN**

_____

VIKAS JAIN

Date: _____7/19/19_____

**DEFENDANTS:**

**CHURCHILL COMMUNITY DEVELOPMENT LP**

Signature: _R(/ain_

Date: _7/12/19_

**SJ GROUP LLC**

Signature: _[signature]_

Date: _7/19/19_

**AMERIHOST SERVICES LLC**

Signature: _[signature]_

Date: _7/19/19_

**MOTEL 6 BANKSVILLE ROAD**

Signature: _R(/ain_

Date: _7/19/19_

**PITTSBURGH STUDIOS LP**

Signature: _R(/ain_

Date: _7/19/19_

**PARADIGM CONSULTANTS LLC**

Signature: _R(/ain_

Date: _7/19/19_